UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00089-MOC

| | |
|---|---|
| **KATHY VANN,** )  )  Plaintiff, )  )  )  Vs. )  )  **CAROLYN W. COLVIN,** )  **Acting Commissioner of Social Security,** )  )  Defendant. ) | MEMORANDUM OF DECISION and ORDER |

**THIS MATTER** is before the court on Plaintiff's Motion for Judgment on the Pleadings (#9) and the Commissioner's Motion for Summary Judgment (#13). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order remanding the matter to the Commissioner for further proceedings.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

Plaintiff Kathy Vann applied for Disability Insurance Benefits on January 30, 2012 with an alleged onset date of November 30, 2010. (Transcript ("Tr.") 14). Her claim was denied initially on March 15, 2012 and again upon reconsideration on June 4, 2012. (Tr. 14). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and on March 27, 2013, ALJ Charles Howard held such hearing. (Tr. 14; 105). An unfavorable decision was returned on May 16, 2013. (Tr. 11). Plaintiff requested review of this decision by the Appeals Council, but such request was denied on February 18, 2014 (Tr. 1), making the ALJ's decision the final decision of

1

the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II.    Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.   Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays, 907 F.2d at 1456.

The Fourth Circuit has articulated the following standard relevant to substantial evidence review:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of

2

evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the reasons explained herein, the court finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

With an alleged onset date of November 30, 2010, the issue before the ALJ was whether Plaintiff was disabled between that date through the date of decision. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she was insured for benefits through September 30, 2016. (Tr. 16). At step two, he determined that Plaintiff had the severe impairments of degenerative disc disease, osteoarthritis, fibromyalgia, complicated migraines with stroke-like symptoms, peripheral neuropathy, and anxiety. (Tr. 16). The ALJ found at step three that Plaintiff did not meet a disability listing. (Tr. 17). At step four, the ALJ determined that Plaintiff had the residual functioning capacity ("RFC") to perform light work with no climbing of ropes and scaffolds; no crawling; no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling or crouching; no more than frequent handling or more than occasional fingering; and no concentrated exposure to hazards. (Tr. 18). She was also restricted to performing simple, routine, repetitive tasks. (Tr. 18). Based upon this RFC, the ALJ concluded that she was no longer capable of performing her past relevant work as a cafeteria assistant and fast food cook (Tr. 22), but that she was not disabled at step five because she could perform the jobs of inspector, assembler, and sorter. (Tr. 23).

### D. Discussion

#### 1. *Plaintiff's Assignments of Error*

Plaintiff seeks review of the Commissioner's final administrative decision, alleging: 1) that the ALJ improperly evaluated the medical opinion evidence; and 2) that the ALJ's

4

credibility assessment is unsupported by substantial evidence.

## 2. *First Assignment of Error: Weight to Opinion Evidence*

Plaintiff first alleges that the ALJ erred in according inadequate weight to the opinions from two treating physicians—Plaintiff's treating neurologist Dr. James Patton and Plaintiff's treating primary physician, Dr. F.B. Jones.

An ALJ must evaluate every medical opinion in the record. See 20 C.F.R. § 404.1527(c). Under the governing regulations, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R § 416.927). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). In such circumstances, the ALJ has discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

A "treating physician" is a physician who has observed the Plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). "Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician … The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992), as amended (May 5, 1993) (internal citations omitted). If a treating physician's opinion is

not given controlling weight, the ALJ is obligated to evaluate and weigh the medical opinion pursuant to the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (quoting Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 (2005))).

If the ALJ does not accord controlling weight to a treating source's opinion, he must "give good reasons" for doing so. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). The ALJ's explanation of these "good reasons" "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996). "[F]ederal courts have remanded decisions of the Commissioner when they fail to articulate 'good reasons' for discrediting the opinion of a treating source." Newhart v. Colvin, 6:13-CV-01606, 2014 WL 1330929 (S.D.W. Va. Mar. 31, 2014). See also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Slayton v. Apfel, 175 F.3d 1016, at *3 (4th Cir. 1999) (remand appropriate where "ALJ did not indicate the weight given to the findings of each of the treating physicians"); Stroup v. Apfel, 205 F.3d 1334, at *6 (4th Cir. 2000) ("Because the ALJ did not explain adequately why the

reports of [other physicians] were a sufficient basis for rejecting [the treating physician]'s opinion, we cannot determine whether the ALJ properly rejected [the] treating physician's opinion 'as inconsistent with the other substantial evidence in the record.' We therefore must remand the case to the ALJ for a new hearing.'" (quoting 20 C.F.R. § 404.1527)).

Here, neither party disputes that Dr. Patton and Dr. Jones are "treating physicians." Dr. Patton submitted medical records revealing a treatment relationship with Plaintiff beginning in December 2009; Dr. Jones submitted the same dating back to November 2009. As such, they are treating physicians in that they have observed Plaintiff's condition over a prolonged period of time. Both doctors opined that Plaintiff had certain limitations on her ability to perform work activities that are inconsistent with the RFC developed by the ALJ. Plaintiff alleges that the ALJ rejected the opinions of the treating physicians without citing any specific evidence in the record, and without explaining what medical evidence he rejected and what evidence he found reliable. Plaintiff alleges that the ALJ merely dismissed the opinions of the treating physicians with boilerplate language and that he failed to supply "good reasons" for rejecting the opinions of the treating physicians. The court agrees.

    *a. Dr. Patton's Opinion*

Plaintiff takes issue with two aspects of the ALJ's treatment of Dr. Patton's opinion. First, Plaintiff argues that the ALJ improperly discredited a portion of Dr. Patton's opinion relevant to her ability to lift and carry more than ten pounds. Second, Plaintiff argues that the ALJ failed to "carefully consider" Dr. Patton's opinion that she would be unable to perform work activities for 30 to 40 hours per week.

In formulating Plaintiff's RFC, the ALJ summarized the medical evidence of record, including that supplied by Dr. Patton. (Tr. 19- 20). The ALJ then addressed Dr. Patton's August 1, 2012 opinion, the source of Plaintiff's claims. (Tr. 20). In his medical opinion, Dr. Patton stated that due to her chronic fatigue, hand pain, and neck spasms, Plaintiff could only lift and/or carry less than ten pounds. (Tr. 435). He further stated that due to her severe fatigue and fibromyalgia, she could only stand or walk for a total of six hours in an eight-hour work day; that due to her chronic fatigue, muscle pain, and neck pain, she could sit for a total of six hours in an eight-hour work day; that she could only stand/walk or sit without interruption for two hours per day; that she could consistently perform in a work-like environment by alternating between standing/walking and sitting for four hours per day; that due to severe fatigue and muscle pain, Plaintiff would be unable to perform these activities 30 to 40 hours per week; and that due to neck pain and muscle weakness, she could not complete work tasks that included climbing, balancing, or crawling. (Tr. 436).

The ALJ gave "some weight" to Dr. Patton's opinion, finding that the opinion with regard to sitting, walking, and standing was consistent with medical evidence of record and supported by medical findings. However, the ALJ found Dr. Patton's opinion regarding Plaintiff's ability to lift and carry was "not well supported by clinical findings and diagnostic testing, and [was] inconsistent with other medical evidence of record, and [was] inconsistent with Plaintiff's benign clinical presentations, conservative treatment, and objective tests and scans." (Tr. 20-21). The ALJ further found that Dr. Patton's opinion regarding Plaintiff's ability to perform such work activities 30 to 40 hours per week was not a medical opinion, but an administrative finding reserved to the Commissioner.

Regarding Dr. Patton's opinion on Plaintiff's ability to lift and carry, the court finds that the ALJ does not supply "good reasons" with support from the record for discounting portions of Dr. Patton's opinion, nor does the ALJ make any indication of considering the regulatory factors articulated in 20 C.F.R. § 404.1527. The ALJ does not specifically cite which clinical findings and diagnostic testing he finds to be inconsistent with Dr. Patton's opinion on lifting and carrying. It is not obvious to this court, upon review, what evidence the ALJ finds inconsistent, particularly since the ALJ's summary of medical evidence indicates that Plaintiff does, indeed, have a history of pain, reduced grip strength, and numbness in her left arm, which would affect her ability to lift and carry heavier objects. The Commissioner argues that two pieces of medical evidence included in the ALJ's summary of the evidence serve as contradictory evidence to Dr. Patton's opinion: 1) that Dr. Patton had examined Plaintiff twice for strength (in March 2009 and February 2013), and that both times, she scored 5/5 for normal muscle strength (Tr. 20); and 2) that Dr. Patton noted on July 30, 2012 that there was "no [electromyography] explanation for her pain or numbness." (Tr. 20). The Commissioner argues that such evidence is sufficiently obvious for this court to find that the ALJ based his decision on it. After careful consideration, however, the court finds the link between the ALJ's extensive summary of medical evidence and his decision to afford only some weight to Dr. Patton's opinion on Plaintiff's ability to lift and carry too tenuous. While the record may support the ALJ's finding that Dr. Patton's opinion is contradicted by other persuasive medical evidence, the ALJ simply does not articulate what it is.

Although it is not the role of this court to re-weigh the evidence or substitute its judgment for that of the ALJ, the court cannot find that this particular aspect of the ALJ's decision is supported by substantial evidence where the ALJ fails to cite any evidence at all. Here, the ALJ

9

was required to provide Plaintiff with good reasons for discounting portions of her treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2); Stroup v. Apfel, 205 F.3d 1334, at *6 (4th Cir. 2000). He failed to do so. As noted above, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted). Because he did not explain what evidence in the record contradicts Dr. Patton's opinion on the issue of Plaintiff's ability to lift or carry more than ten pounds and because he failed to offer "good reasons" for affording such opinion less weight, the court finds the ALJ's decision in this regard is not supported by substantial evidence.

With regard to Dr. Patton's opinion that Plaintiff would be unable to work 30 to 40 hours per week, the court finds that the ALJ's decision is not supported by substantial evidence. An ALJ may not "ignore a treating physician's legal conclusions, but must instead 'evaluate all the evidence in the case record to determine the extent to which the [treating physician's legal conclusion] is supported by the record.'" Morgan v. Barnhart, 142 F. App'x 716, 722 (4th Cir. 2005) (quoting SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996)). Furthermore, "[i]n evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)." Id. Here, the ALJ correctly characterized this aspect of Dr. Patton's opinion as a legal conclusion reserved to the Commissioner and then accurately explained his obligation to consider such opinion:

> Dr. Patton's statement that the claimant would be unable to perform these activities 30 to 40 hours a week is not a medical opinion but are administrative findings dispositive of a case, requiring familiarity with the regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who

cannot abdicate statutory responsibility to determine the ultimate issues of disability. Opinions on issues reserved to the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence (20 C.F.R. § 404.1527(d)(2)).

(Tr. 21). However, despite explaining this regulatory mandate, the ALJ made no attempt to fulfill it. He simply moved on to another issue without further analysis. Here, the court finds that the ALJ ignored the treating physician's legal conclusion, made no attempt to determine the extent to which it was supported by the record, and failed to analyze the conclusion under the applicable factors in 20 CFR 404.1527(d) and 416.927(d). Because the ALJ failed to properly evaluate and consider Dr. Patton's statement, his decision in this regard is not supported by substantial evidence.

### b. *Dr. Jones' Opinion*

Plaintiff also alleges that the ALJ did not provide good reasons for failing to assign controlling weight to the opinion of Dr. Jones. Dr. Jones completed a medical source statement in March 2013, opining that Plaintiff could lift and carry less than ten pounds, stand/walk for a total of one hour in an eight-hour workday, sit for a total of one hour in an eight-hour workday, and that she would be precluded from climbing, kneeling, crouching, bending, stopping, balancing, or crawling. (Tr. 21). The ALJ noted that Dr. Jones also completed a medical statement regarding Plaintiff's mental limitations, which provided that Plaintiff had some moderate and moderate-severe limitations. (Tr. 21). The ALJ stated that he assigned little weight to Dr. Jones' opinion, explaining that it "is not well supported by medically acceptable clinical findings and diagnostic testing, is inconsistent with other substantial medical evidence of record and is inconsistent with the claimant's benign clinical presentations, conservative treatment, and objective test scans." (Tr. 21). While the court acknowledges that this particular medical opinion

does not appear to be well-supported by clinical findings[1] and that medical evidence in the record may very well be inconsistent with Dr. Jones' opinion, the ALJ makes no attempt to explain his decision. As explained above with regard to Dr. Patton's opinion, this court cannot guess the ALJ's rationale in order to substantiate his conclusion. Because the ALJ offered no specific explanation or "good reasons" as to why Dr. Jones' opinion was not afforded controlling weight, the court finds that his decision in this regard is unsupported by substantial evidence.

***

While the court will not address Plaintiff's second assignment of error as to the ALJ's credibility assessment, the court advises the Commissioner that, relevant to both of Plaintiff's assignments of error, the court is not convinced that the ALJ's decision appropriately addresses the relevant medical evidence. As noted by the Fourth Circuit, a reviewing court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984). "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Id. (quoting Arnold v. Secretary, 567 F.3d 258, 259 (4th Cir. 1977)). "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific

---

[1] While Dr. Jones cites "arm weakness" and history of stroke in support of his opinion that Plaintiff is limited in her ability to lift and carry, Dr. Jones cites no medical findings in support of his opinions regarding Plaintiff's ability to stand and walk, in combination, for at least 6 hours out of an 8-hour workday, or sit throughout an 8-hour workday. (Tr. 472-73).

application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations omitted). Furthermore, the Social Security Rulings require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996). Where conflicting physician opinions exist, the Fourth Circuit has "required explicit indications as to the weight given to all the evidence." Sanderlin v. Barnhart, 119 F. App'x 527, 528 (4th Cir. 2005) (citing Gordon v. Schweiker, 725 F.2d at 235).

Here, the ALJ's decision summarizes the medical record and notes information relevant to Plaintiff's conditions that she alleges contribute to her disability. While the ALJ states that he gave "some weight" to the State Agency physical medical consultants and portions of Dr. Patton's opinion, and "little weight" to Dr. Jones' opinion, there is much relevant evidence in the record that the ALJ discusses but then neglects to assign any level of weight. Instead, the ALJ summarily states:

> As for the medical opinion evidence of record, the medical record contains opinions from examining and non-treating; and non-examining physicians regarding limitations that could potentially pose restrictions to the claimant's ability to perform work.

(Tr. 22). The court finds such vague statements unhelpful as they do not allow the court to engage in a meaningful review of the Commissioner's decision to credit certain opinions over others.

Specifically, the court is concerned about the ALJ's statement in the credibility assessment portion of his decision that Plaintiff was not disabled to the extent alleged partially because Plaintiff had "good use of her upper and lower extremities" (Tr. 21). In making this statement, the ALJ failed to explain how the evidence in the record supported that conclusion.

13

The court notes that the record is replete with references to Plaintiff's inability to lift anything heavy, hold objects with her left hand, or otherwise use her left hand with full functionality. (Tr. 278, 293, 375, 454, 457). The ALJ discusses some of these references in his report (see, e.g., Tr. 19, discussing Plaintiff's history of presenting for foot and hand pain, physical therapy treatment, and strength test) but omits others. For example, the ALJ discussed a statement by physical therapist Howard Dortch that after her fourth treatment session, Plaintiff "noted significant improvement with regard to pain and function in her left thumb" (Tr. 19, 430), but omitted Mr. Dortch's later statement that after four treatment sessions, Plaintiff "has not noted improvement with regard to discomfort in the upper left extremity." (Tr. 454). Plaintiff specifically notes that the ALJ omitted Mr. Dortch's note that she "is experiencing progressive difficulty functionally using her left hand." (Tr. 457).

Though an ALJ is not tasked with the impossible burden of discussing every treatment note on record, the ALJ must "explain how any material inconsistencies or ambiguities in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In light of the evidence in the record—some of which the ALJ himself cites—indicating that Plaintiff has difficulty functionally using her left arm, as well as the decision's overall failure to assign weight to the various medical opinions of record, the court is concerned that the ALJ has not "analyzed all evidence … [or] sufficiently explained the weight he has given to obviously probative exhibits." Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984). Accordingly, upon remand, in addition to considering the opinions of the treating physicians, the ALJ shall explicitly explain what weight he ascribes the relevant medical evidence of record.

**E. Conclusion**

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990). Because remand "is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from 'meaningful review'" Gray v. Colvin, No. 5:13-CV-413-BO, 2014 WL 4272767, at *3 (E.D.N.C. Aug. 29, 2014) (quoting Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013)), and because the court has found that the ALJ failed to explain his reasoning regarding the weight given to Plaintiff's treating physicians, the court will remand this matter to the Commissioner. Accordingly, Plaintiff's Motion for Judgment on the Pleadings will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will remanded for a new hearing and further proceedings not inconsistent with this Order. Though the court does not reach Plaintiff's second assignment of error, it will deny such assignment of error without prejudice as to reasserting such contentions if this matter again comes before this court.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Judgment on the Pleadings (#9) is **GRANTED** based on the ALJ's failure to articulate good reasons for not affording controlling weight to the opinions of Plaintiff's treating physicians, and the remainder of Plaintiff's Motion (#9) and the Commissioner's Motion for Summary Judgment (#13) are **DENIED** without prejudice;

15

(2) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner to conduct a new hearing, evaluate the medical evidence of record as so indicated in this Order, and consider, along with all other evidence of record, the opinions and records of Plaintiff's treating physicians Drs. Patton and Jones, and, if the ALJ chooses not to rely on or credit such treating physicians' opinions, the ALJ shall provide specific, legitimate reasons for doing so, all pursuant to Sentence Four of 42 U.S.C. § 405(g); and

(3) this action is **DISMISSED**.

The Clerk of Court shall enter a Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure consistent with this Memorandum of Decision and Order.

Signed: January 27, 2015

_____
Max O. Cogburn Jr.
United States District Judge